

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| KARL WILLIAMS, | ) | CASE NO. 3:06CV00006 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 14, 2003 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the undersigned will RECOMMEND that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") applied the sequential five-step process outlined in the regulations to determine whether the plaintiff was "disabled" under the Act. Under that paradigm, a Law Judge considers, in sequence, whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, making him disabled as a matter of law, (4) can return to his past work, and (5) if

not, whether he retains the capacity to perform specific jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920; *Hunter v. Sullivan*, 993 F.2d 31, 34-35 (4th Cir. 1992) (per curiam). The claimant bears the burden of production and proof during the first four steps of the inquiry. *Hunter*, 993 F.2d at 35. At the fifth step, the burden shifts to the Commissioner to come forward with evidence that other jobs exist in the national economy that the claimant can perform. *Id.*

In this case, the Law Judge found that the plaintiff, who was born in 1961 and possessed an eighth grade education, had worked as a nursing assistant, tree service worker, kitchen helper, fast food clerk, landscape laborer, automobile detailer, janitor and construction worker had not engaged in substantial gainful activity since his alleged onset of disability date, June 11, 2003, and was insured for benefits through the date of the Law Judge's decision. (R. 18, 23.) The Law Judge determined that the plaintiff suffered degenerative disc disease of the lumbar spine following a laminectomy and decompression at L-4/5, L-4/5 disc arthroplasty, degenerative joint disease of the right wrist following a fracture and surgically inserted internal fixation, and a benign heart murmur which were considered collectively "severe" within the meaning of the regulations. (R. 20, 23.) Notwithstanding a report from plaintiff's treating orthopaedic surgeon revealing that plaintiff was "disabled as defined in *Section 1.04 Disorders of the Spine* in the Social Security regulations," the Law Judge found internal inconsistencies in the treating source evidence, did not accept this portion of the report as reflecting plaintiff's work-related capacity and found plaintiff's impairments, when viewed individually or collectively, did not meet or equal the requirements of any listed impairment. (R. 20-21, 23, 199.) The Law Judge further found that plaintiff was not fully credible, disabled from all of his past relevant work, and unable

2

to perform a full range of sedentary work. (R. 21-22, 24.) By reference to the Medical-Vocational Guidelines ("grids") as to plaintiff's exertional and non-exertional limitations and relying on evidence offered by a vocational expert (VE), the Law Judge concluded that there were sedentary jobs available to a person like the plaintiff, and that he was not disabled under the Act. (R. 23-24.)

Plaintiff appealed the Law Judge's decision to the Appeals Council. While on appeal, plaintiff, by counsel, submitted additional evidence from his treating orthopaedic surgeon under cover of a letter brief which argued that the Commissioner should give more credit than did the Law Judge to the opinion of the treating surgeon concerning whether plaintiff's impairments met the requirements of the Listings. (R. 253-267.) The Appeals Council found no basis in the record or in the additional evidence to review the Law Judge's decision. (R. 5-7.) Accordingly, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

3

Plaintiff contends that the Law Judge erred by failing to properly evaluate the medical evidence, particularly that of his treating orthopaedic surgeon, Richard Whitehill, M.D. *See* 20 C.F.R. §416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). In other words, controlling weight is to be given a treating physician's opinion only where these two regulatory conditions in the regulation are met. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996); *Ward v. Chater*, 924 F. Supp. 53, 56 (W.D. Va. 1996). Plaintiff contends that, even if the circumstances do not mandate assigning controlling weight to the treating source because there were some discernable internal inconsistencies, the Law Judge erred by failing to seek clarification from the treating doctor concerning the effects of plaintiff's documented impairments on his work-related capacity in a manner plaintiff believes is more consistent with the Commissioner's own regulations. Plaintiff believes this is especially critical because the regulations provide that, whenever the evidence of a treating source "contains a conflict or ambiguity that must be resolved," the Law Judge is to seek additional information from that treating source to clarify the ambiguity or resolve the inconsistency. *See* 20 C.F.R. § 404.1512(e)(1).

On December 6, 2004, Dr. Whitehill wrote that plaintiff suffered a spinal impairment which would continue to give him difficulty without surgery. (R. 199.) Though Dr. Whitehill further noted that plaintiff was able to "do light work on a regular basis" and that "[i]n such capacity he could have a full time job," Dr. Whitehill offered a medical opinion that plaintiff's

4

impairment rendered him "disabled as defined in *Section 1.04 Disorders of the Spine* in the Social Security regulations." (*Id.*) Certainly whether a claimant's condition meets or equals a listed impairment is a medical determination. Dr. Whitehill's report admittedly is confusing and facially inconsistent. Some of that confusion and inconsistency, however, was contextualized by portions of the record offered to the Appeals Council in that, his treatment continued into 2005 leading to a third surgical procedure in May of that year. (R. 254-266.) Had the Law Judge sought clarification of the purported inconsistency, the more updated medical records would have revealed ongoing treatment. The Appeals Council's laconic assessment that the more recent information did not provide a basis for reviewing the Law Judge's decision is insufficient when, in fact, that evidence was so favorable to the plaintiff that it calls into question whether the Law Judge's resolution of the apparent inconsistency is supported by substantial evidence. *See Riley v. Apfel*, 88 F. Supp.2d 572 (W.D. Va. 2000).

It is the undersigned's view that good cause has been shown to remand this case for further proceedings, not only because the Law Judge failed to seek clarification of the treating source evidence as called for by the Commissioner's regulations, but also because the new evidence was not addressed by the Appeals Council in a manner allowing for meaningful judicial review under *Riley*.[1] Therefore, it is RECOMMENDED that an order enter REVERSING the Commissioner's final decision, but REMANDING the case to the Commissioner for further proceedings with direction that should the Commissioner be unable to grant benefits on the

---

[1] Plaintiff also contends that all the Law Judge's credibility decisions, whether related to the medical evidence or his subjective symptoms, did not comport with the Commissioner's regulations. In large measure, those decisions hang on an appropriate resolution of the treating source evidence which, itself, was not properly assessed. These matters may be addressed on remand.

current record, she is to recommit the case for further evidentiary proceedings in which both sides could introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

10-25-06
Date