CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 11 2006

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KARL L. WILLIAMS,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:06-CV-00006<br><br><br>OPINION AND ORDER<br><br><br><br>JUDGE NORMAN K. MOON |

On February 14, 2006, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's denial of his claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. Plaintiff and Defendant filed motions for summary judgment motion on August 16 and September 18, 2006, respectively. The Magistrate filed his Report and Recommendation ("Report") on October 25, 2006, recommending that this Court enter an Order reversing and remanding to the Commissioner for further development of the record..

No objections to the Report were timely filed. After a thorough examination of the applicable law and the documented record, this Court adopts the Magistrate's report in part and declines it in part, and orders the case remanded to the Commissioner for further proceedings.

## I. BACKGROUND

Plaintiff suffers from spinal stenosis,[1] resulting in back and leg pain. He also has spondylolisthesis[2] of L4 on L5[3] as well as degeneration of the cushioning discs between his vertebrae. He has undergone a laminectomy[4] in August 2003, disc replacement in December 2004, and finally a surgery which fused L3-L5 together and joined them rigidly to the sacrum[5] in May 2005.

Plaintiff originally filed for disability in July 2003 and was denied initially and on reconsideration. A hearing was held in January 2005, with a decision issuing on March 13, 2005. The Appeals Council denied his request for review, leading to this suit.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this

---

[1] Stenosis is the narrowing of any canal such as veins or, as in this case, the canal which encases the spinal cord. This causes pinching of the spinal nerves, resulting in pain, numbness, and weakness of the lower extremities.

[2] This refers to the misalignment of one vertebra on the other because of forward slippage.

[3] This refers to the fourth and fifth lumbar vertebrae.

[4] This is the partial or total removal of the lamina, a part of the vertebra, to relieve pressure on the nerves within.

[5] The sacrum is the "last" of the vertebrae which connects the spine to the pelvis

definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1990).

It is the duty of the Commissioner reviewing a case, not the responsibility of this Court, to make findings of fact and to resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453 (4th Cir. 1990) (citing King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) (holding that the court does not find facts or try the case de novo when reviewing disability determinations).

### III. DISCUSSION

Because no objections to the Report have been filed, the Court will discuss the motions for summary judgment to narrow the focus of the Commissioners subsequent review.

Plaintiff's objections to the hypothetical posed to the Vocational Expert ("VE") are nothing more than conclusory assertions that the hypothetical did not "reflect a residual functional capacity based on the relevant evidence of record." Plaintiff does not identify any gaps in the hypothetical which he believes should have been addressed, and indeed the ALJ offered Plaintiff's attorney an opportunity at the hearing to pose his own hypothetical questions to the VE. (R. at 62). Plaintiff's counsel discussed the details of some of the VE's example jobs but did not offer any additional hypothetical questions. This Court does not see any obvious gaps in the hypothetical question posed by the ALJ, and finds that the question was supported by substantial evidence in the record.

A major part of the debate between the Commissioner and Plaintiff revolves around Dr. Whitehill's December 6, 2004 letter, in which Dr. Whitehill deems Plaintiff fit for "light work," while unfit for "physical labor," and declares him capable of holding a full time job while simultaneously writing "I do believe that he is disabled as defined in *Section 1.04 Disorders of*

*Spine* [sic] in the Social Security regulations." (Italics in original) (R. 199). The interpretation of this letter is given considerable ink by both parties, and the ambiguities contained within it were a good fraction of the Magistrate's reason for recommending remand. This Court does not find this letter is as important as the parties do, nor are the ambiguities as difficult to resolve as they may at first appear.

Although a treating doctor is entitled to substantial deference on medical questions (20 C.F.R § 416.927(d)(2)), he is not entitled to any at all on legal questions unless there is some reason to think that he is particularly knowledgeable about disability law. A doctor's diagnosis from spinal stenosis is entitled to great weight; his opinion that the patient meets or does not meet the requirements of listing 1.00(B)(2)(b) on "effective ambulation" is not, and it is incorrect to refer to a legal opinion as a "medical opinion" or a "diagnosis," as the Plaintiff does. Pl. Brief at 10-13 . The reason for this lack of deference to a doctor's legal conclusions is made clear by Plaintiff's own brief, in footnote 2 on page 12. Plaintiff writes that Dr. Whitehill lacks "full knowledge of the Commissioner's definition of the term 'light work,'" as shown by his simultaneous statement that Plaintiff is incapable of performing "physical labor," which Plaintiff asserts "light work" requires. Leaving aside the question of whether lifting 10 pounds frequently and 20 occasionally (the "light work" requirements of 20 C.F.R. § 404.1567) constitutes "physical labor," the Plaintiff is entirely correct to point out Dr. Whitehill's probable ignorance of the law. Dr. Whitehill is also sloppy in his use of language; the debate over the meaning of "physical labor" arises because that term is not defined by the regulations.[6] For this reason, this

---

[6]Defendant also suggests that Dr. Whitehill made a typographical error, omitting a "not" which would have changed the entire meaning of his sentence from "I do believe Mr. Williams is disabled" to "I do not believe Mr. Williams is disabled." This Court will not indulge in speculation about what the doctor intended to write, but it does note that Plaintiff as well as the ALJ had an opportunity to clarify the matter and have, vexingly, failed to do so. However,

Court does not consider Dr. Whitehill's legal conclusions, ambiguous or not, of any great consequence.

On the other hand, the ALJ's legal conclusion on the question of whether Plaintiff meets the requirements of listing 1.04 are binding if supported by substantial evidence. The ALJ laid out the requirements for the listing and pointed out that the record does not contain the required medical findings. This Court cannot find evidence in the record of the necessary medical conclusions, from Dr. Whitehill or anyone else, nor does Plaintiff point to any. Thus, regardless of what Dr. Whitehill may have opined in his letter, substantial evidence supported the ALJ's conclusion that Plaintiff does not meet the requirements of Medical Listing 1.04, and the ALJ was correct to proceed to the next step of the evaluation process.

Turning to the question of Residual Functional Capacity ("RFC"), the ALJ again properly disregarded Dr. Whitehill's statement that Plaintiff was capable of "light work" in favor of a finding of a limited range of sedentary work. For the same reasons elaborated above, Dr. Whitehill's December 4 letter is far less important than his extensive medical notes documenting Plaintiff's surgeries and recovery therefrom. And indeed, the ALJ seems to have taken the medical history and Plaintiff's subjective complaints quite seriously: the non-examining medical experts, like Dr. Whitehill, found Plaintiff capable of light work[7] (R. 187-94), yet the ALJ found him only capable of a limited range of sedentary work (R. 24). However, the ALJ did not (and

---

because the alleged ambiguity lies in the doctor's legal, rather than medical, conclusions, it cannot and does not change the ultimate conclusion, and so is not by itself sufficient grounds for remand. However, the remand ordered on other grounds today provides Plaintiff with an excellent opportunity to clarify this ambiguity.

[7]Although a non-examining expert is entitled to less deference than a treating physician on the question of medical diagnosis, the State Agency physicians' legal conclusion is based on a detailed questionnaire that leaves no doubt about what they mean by "light work."

could not) consider one very important factor, Plaintiff's third surgery, which occurred several months after the hearing and decision, in May 2005. Although Defendant is correct that the number of surgeries is not a metric for determining disability, this surgery raises an important question as to the extent of Plaintiff's recovery from his prior surgeries, and also potentially changes the outcome of a disability determinations from June 2005 onward. If Plaintiff's condition was satisfactory in early 2005, there would have been no need for further intervention; that intervention is evidence (although not conclusive evidence) that his condition was not as good as was hoped. It is also possible that this final intervention has substantially solved Plaintiff's problems. In other words, it is possible that Plaintiff's condition was worse than the ALJ realized in the months before the third surgery, and also that, thanks to the fusion, it is now better than it was in April 2005 or even in January 2005, when the ALJ heard the case. Thus, a remand is necessary to reconsider the Plaintiff's pre-fusion condition in light of the subsequent fusion surgery, and to determine the extent of his post-fusion recovery.

## IV. CONCLUSION

The Report of the Magistrate is ADOPTED in part and DECLINED in part. This decision of the Commissioner is REVERSED and the case is REMANDED for consideration of Plaintiff's Residual Functional Capacity in light of major medical developments occurring after the last administrative hearing.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _/s/ [signature]_
U.S. District Court Judge

DATE: December 11, 2006